909 F.2d 1495
 37 Cont.Cas.Fed. (CCH) 76,064
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
D.H. BLATTNER & SONS, INC., Petitioner-Appellant,
v.
The UNITED STATES, Respondent-Appellee.
 No. 90-1069.
 United States Court of Appeals, Federal Circuit.
 July 16, 1990.
 
 Before RICH and PLAGER, Circuit Judges, and SAMUEL CONTI*, Senior District Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 This is an appeal from a decision of the United States Department of the Interior Board of Contract Appeals ("IBCA"), IBCA-2589 & -2643 (Sept. 18, 1989) (Contract No. 5-CC-60-00990). The IBCA denied appellant's motion for summary judgment and granted the Government's cross-motion for summary judgment, holding that appellant's June 11 letter is not a "claim" under the contract and the Contract Disputes Act and that appellant is thus not entitled to interest that would be available to it thereunder. We reverse.
 
 OPINION
 
 2
 The issue on appeal is whether a letter sent by appellant (Blattner) to the contracting officer (CO) requesting an equitable adjustment constituted a "claim" under the contract on which interest would be payable as provided for in the contract and in the Contract Disputes Act (CDA) (41 U.S.C. Secs. 601-13 (1982)), which was a part of the contract. The parties agree that if the letter does constitute a claim, then the amount of interest owed by the Government is $65,181.
 
 
 3
 Section I.1.8 of the contract provides, in pertinent part:
 
 
 4
 (a) This contract is subject to the Contract Disputes Act of 1978 (41 U.S.C. 601-613) (the Act).
 
 
 5
 (b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause.
 
 
 6
 (c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain.... * * * * [A] written demand or written assertion by the Contractor seeking the payment of money exceeding $50,000 is not a claim under the [Contract Disputes] Act until certified as required by subparagraph (d)(2) below. * * *.
 
 
 7
 (d)(1) A claim by the Contractor shall be made in writing and submitted to the Contracting Officer for a written decision. * * * *.
 
 
 8
 (2) For Contractor claims exceeding $50,000, the Contractor shall submit with the claim a certification that:
 
 
 9
 (i) The claim is made in good faith;
 
 
 10
 (ii) Supporting data are accurate and complete to the best of the Contractor's knowledge and belief; and
 
 
 11
 (iii) The amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (g) The Government shall pay interest on the amount found due and unpaid from (1) the date the Contracting Officer receives the claim (properly certified if required).... * * * *.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 By letter dated June 11, 1986, Blattner requested an equitable adjustment in the amount of $1,705,381 to compensate it for additional work that the Government required Blattner to perform by unilateral modification (Modification No. 10) of the parties' contract. Though the parties eventually agreed on an equitable adjustment of $1,022,000, they disputed whether the Government owed interest on the money that Blattner fronted to perform Modification No. 10 for the period beginning on the date that the CO received the letter and ending on the date the Government paid Blattner.
 
 
 18
 The IBCA held that the June 11 letter was "an invitation to the Government to negotiate the request for an equitable adjustment--rather than as a demand for payment ...," as required by section I.1.8(c) of the contract, and thus that Blattner is not entitled to interest as provided for in the contract and under the CDA. This holding was largely based on Blattner's use of the word "proposal" and words like it eight times in the June 11 letter and in a subsequent letter, and because the equitable adjustment agreed upon was only about 60 percent of the amount requested in the June 11 letter.
 
 
 19
 The IBCA's holding is a conclusion of law and is thus freely reviewable by the court. Systems Technology Assocs. v. United States, 699 F.2d 1383 (Fed.Cir.1983); United States v. John Brady & Co., 693 F.2d 1380 (Fed.Cir.1983); Winston Bros. Co. v. United States, 458 F.2d 49 (Ct.Cl.1972) (Wunderlich Act case--not bound by Board interpretations); 41 U.S.C. Sec. 609(b) (questions of law shall not be final or conclusive).
 
 
 20
 The June 11 letter was addressed and sent to the CO, it specifically identified the contract and modification in question, it "request[ed] an equitable adjustment to the contract in the amount of $1,705,381," it provided detailed bases for the amount requested, and it contained proper certification as required by section I.1.8(d)(2) of the contract.
 
 
 21
 As required by section I.1.8(c), the letter, or writing, sought "the payment of money in a sum certain," and it sought it "as a matter of right." In the first paragraph of the letter, Blattner stated: "we hereby request an equitable adjustment to the contract in the amount of $1,705,381." Later in the letter Blattner made other statements such as: (1) "... we feel that the attached proposal represents a very thorough analysis of the costs involved in this change;" (2) "This proposal is based on the difference between what it will cost to complete the job per Modification No. 10 ...;" (3) "This puts us in the position of financing the Government construction effort ...;" and (4) "... the $1,705,381 requested accurately reflects the contract adjustment for which the Government is liable."
 
 
 22
 The question is whether the letter was "a written demand or written assertion." The IBCA, in reaching its decision to the contrary, focused on the definition of the word "proposal" as provided by The Random House College Dictionary (1973): "1. the act of offering or suggesting something for acceptance, adoption, or performance." This was too limited an approach. The IBCA failed to compare that definition with definitions of the terms "demand" and "assertion," terms used in section I.1.8. "Demand" is defined as "the asking or seeking for what is due or claimed as due," and "assertion" is defined as: "a declaration that something is the case." Webster's Third New International Dictionary (1986).
 
 
 23
 As set out above, the letter contained statements in which Blattner 'asked' for or 'sought' an amount that it thought was due, and Blattner likewise 'declared' that the amount was due. Blattner did not merely 'suggest' that it was owed the amount claimed. To look only at the use of the word "proposal," and not to other specific terms used, and perhaps more importantly, the circumstances of the letter, led to an erroneous result. As we stated in Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed.Cir.1987):
 
 
 24
 We know of no requirement in the Disputes Act that a "claim" must be submitted in any particular form or use any particular wording. All that is required is that the contractor submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and the amount of the claim.
 
 
 25
 There can be no question that in this case, by virtue of the letter of June 11, the CO had notice of the basis and amount of Blattner's claim. We therefore reverse the IBCA's denial of Blattner's motion for summary judgment, and reverse the IBCA's grant of the Government's cross-motion for summary judgment.
 
 
 
 *
 The Honorable Samuel Conti, Senior District Judge, United States District Court for the Northern District of California, sitting by designation